UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>Plaintiff,  )<br>v.  )<br>  )<br>AMERIDEBT, INC., *et al.*,  )<br>  )<br>Defendants.  )<br>_____ ) | Civil Action No. PJM03-3317 |

**MOTION OF NON-PARTY MEDIA CHOICE, LLC TO QUASH SUBPOENA
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Media Choice, LLC ("Media Choice"), a non-party, by its undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, hereby moves to quash, or in the alternative for a protective order with respect to, the Subpoena dated June 6, 2006 (the "Subpoena") issued by counsel for Robb Evans & Associates LLC, in its capacity as Receiver (the "Receiver"), commanding Bank of America to produce and permit the inspection of documents relating to Media Choice's financial accounts. The Subpoena should be quashed, or an appropriate protective order should be issued, for at least three reasons. First, the Subpoena seeks discovery of a broad range of intrusive information regarding the financial accounts of a non-party against whom no claims have been asserted. Second, the Subpoena seeks discovery of information that is far beyond the scope of the Receiver's authority, both under the Court's order appointing the Receiver and under applicable law. Third, the Receiver has failed to follow Maryland law by including a required certification on the face of the Subpoena that is designed to protect the due process rights of a person whose bank financial records are being sought.

In further support of this motion, Media Choice states:

**Background Regarding the Receivership Order and the Subpoena**

1. The Receiver was appointed pursuant to the Court's Preliminary Injunction Order with Asset Freeze, Appointment of a Receiver, Repatriation of Assets, and Other Equitable Relief dated April 20, 2005 (the "Receivership Order").  The purpose of the Receivership Order was to "increase the likelihood of preserving existing assets, pending final determination of this matter."

2. Media Choice is a non-party.  No claims have been asserted against Media Choice by the Receiver in this or any other Court.

3. Media Choice is a California limited liability company that was not formed until February of 2005 (well after the filing of the FTC/Ameridebt litigation and only shortly before the appointment of the Receiver).  Since its formation, Media Choice has had no business dealings with Ameridebt, Inc., Debtworks, Inc. or Andris Pukke (or any entity related to Andris Pukke).  Furthermore, Media Choice has never received or held any assets of Ameridebt, Inc., Debtworks, Inc. or Andris Pukke (or any entity related to Andris Pukke).  See *Declaration of Stephen Todd Cook* attached hereto as Exhibit 1.  Given these circumstances, Media Choice's financial records are in no way relevant to the issues raised in the pending litigation.

4. On June 6, 2006, counsel for the Receiver issued the Subpoena commanding Bank of America to produce and permit the inspection and copying of documents at the office of counsel for the Receiver in Los Angeles on June 20, 2006 at 10:00 a.m.  A copy of the Subpoena is attached hereto as Exhibit 2.  In particular, the Subpoena commands the production of the following:

> All Documents, including but not limited to signature cards, account opening documents, account agreements, applications, bank statements, transaction records, disbursement requests, wire transfer requests, receipts, deposit tickets, checks (front and back), drafts, credits, debits, memoranda,

and all communications concerning such account, including but not limited to e-mail, voice recordings, notes, and correspondence, concerning all accounts of Media Choice, including without limitation account number 2439840399, from inception of the account(s) to the present.

5.      Media Choice was not served with a copy of the Subpoena. Media Choice first learned of the Subpoena on June 19, 2006 (*i.e.*, the day before the return date of the Subpoena), when it received a copy of the Subpoena by mail from Bank of America. Media thereafter promptly engaged counsel to represent its interests in this matter.

## Legal Analysis and Argument

6.      Federal Rule of Civil Procedure 45(c)(3)(A) provides in relevant part:

> On timely motion, the court by which a subpoena was ordered shall quash or modify the subpoena if it….
>
> (iv)    subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A).

7.      Federal Rule of Civil Procedure 26(c) provides in relevant part:

> Upon motion by . . . the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Upon showing of good cause, the court may order "that the disclosure or discovery not be had." FED. R. CIV. P. 26(c)(1). The decision of whether to grant a protective order is soundly in the discretion of the court. <u>Keyes v. Lenoir Rhyne College</u>, 552 F.2d 579, 581 (4th Cir. 1977), *cert. denied*, 434 U.S. 904 (1977).

8.      Here, the Subpoena should be quashed due to undue burden to Media Choice or, alternatively, a protective order should be issued to protect Media Choice from annoyance, embarrassment, oppression, undue burden and/or expense. The Subpoena seeks the production

of a broad range of confidential financial records of a non-party that have no relevance to the pending litigation. "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (also noting that "[d]emonstrating relevance is the burden of the party seeking discovery"). Moreover, "[i]t is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such a way that the burdens of giving evidence are reasonable, under all of the circumstances presented." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D. Del. 2003). Here, in balancing the respective benefits and burdens, the Court should take into account that Media Choice is a non-party who is being dragged into this litigation by the Receiver against his will.

9. Even if sought from a party, this type of intrusive discovery generally would not be permitted in civil litigation absent a strong justification (which does not exist here and has not even been offered) and a court-approved confidentiality order. Media Choice's legitimate interest in preserving sensitive financial information is in jeopardy. The Receiver has issued at least three reports (dated June 28, 2005, September 19, 2005 and December 31, 2005) containing detailed information regarding the Receiver's activities. These reports, which are available on the Internet, are laden with suggestion and innuendo and include copies of financial records obtained by the Receiver. If the Receiver is permitted to obtain Media Choice's financial records, they too may end up posted on the Internet. It is difficult to imagine a situation which involves a greater potential for annoyance, embarrassment and oppression.

10. The Court also should note that the banking records sought by the Receiver do not relate to any particular business venture in which Media Choice has been involved; rather, the

Subpoena seeks the production of all Media Choice banking records maintained by Bank of America. Furthermore, the banking records sought by the Receiver do not relate solely to the pre-receivership period; rather, the Receiver has requested both pre- and post-receivership banking records. In short, there has been no effort on the part of the Receiver to limit the scope of the requested discovery.

11. Significantly, the Receiver did not seek court approval (as a duly appointed bankruptcy trustee would have been required to do) prior to issuing the Subpoena. Rather, the Receiver unilaterally issued the Subpoena and, in doing so, ignored Media Choice's due process rights. The Receiver's powers and authority are not unlimited, particularly when it comes to the exercise of rights vis-à-vis non parties. The Receivership Order was entered to maintain the status quo and to preserve assets pending the outcome of the pending litigation. It was not entered to provide the Receiver with blanket authority to obtain confidential financial records of non-parties. Moreover, there is no federal statute that would authorize the Receiver to take such extraordinary action. Absent express statutory authorization, the Receiver should not be permitted to unilaterally take such action.

12. Finally, under Maryland law, a bank customer's account information is confidential and, absent compulsion by law, a bank may not make any disclosures concerning a customer without the customer's prior authorization. Suburban Trust Co. v. Waller, 44 Md. App. 335, 344, 408 A.2d 758, 764 (1979). *See also* MD. FIN. INST. CODE ANN. §§ 1-301 through 1-305; Taylor v. NationsBank, N.A., 365 Md. 166, 776 A.2d 645 (2001) (holding that a bank breached its duty of disclosure when it disclosed information regarding one of its customers). Furthermore, Maryland law requires that a litigant seeking the disclosure of bank financial records (such as those sought here by the Receiver) by subpoena to include on the face of the

subpoena "a certification that a copy of the subpoena has been served on the person whose records are sought by the party seeking the disclosure or production of the records" or " a certification that service has been waived by the court for good cause."  MD. FIN. INST. CODE ANN. § 1-304(b).  Here, the Subpoena issued by counsel for the Receiver does not contain the required certification (and, indeed, was not even served on Media Choice).

### Certification of Good Faith

13. Pursuant to Federal Rule of Civil Procedure 26(c), a certification that counsel for the movant has in good faith conferred with opposing counsel in an effort to resolve this matter without court action is attached hereto as Exhibit 3.

WHEREFORE, Media Choice requests that the Court:

(a) Quash the Subpoena or, in the alternative, issue an appropriate protective order; and

(b) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

DATE:  June 21, 2006

/s/ C. Kevin Kobbe
C. Kevin Kobbe (Bar No. 07968)
Jason W. Hardman (Bar No. 27470)
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000
Counsel for Media Choice, LLC

4245941